UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Barbara J. Gallina, et al.,

        Plaintiffs,

v.

Oakwood Healthcare, Inc.,

        Defendant.
_____/

Case No. 14-12911

Hon. George Caram Steeh

OPINION AND ORDER REMANDING ACTION TO
MICHIGAN ADMINISTRATIVE HEARING SYSTEM

The issue before the court is whether pending state administrative actions can be removed to federal court pursuant to 28 U.S.C. § 1441; specifically, whether the administrative body from which such actions are removed constitutes a "State court" for removal purposes. Section 1441 states, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Taking a literal approach in applying § 1441, state administrative actions are not removable to federal court because the original civil action was not brought in a State *court*. *See Smith v. Detroit Entm't, LLC*, 919 F. Supp. 2d 883 (E.D. Mich. 2013) (Murphy, J.). Contrary to defendant's insistence that the court should apply what has become known as the "functional" approach for determining whether state administrative actions are removable to federal court, the court agrees with *Smith* that § 1441 must be literally construed.

Therefore, for the reasons more fully explained below, this action that was filed against defendant in the Michigan Administrative Hearing System ("MAHS") is not removable to federal court and will be remanded to the MAHS.

## I. BACKGROUND

Plaintiff Barbara J. Gallina filed a state administrative unpaid wages action against her employer, defendant Oakwood Healthcare, Inc., under Michigan's Wages and Fringe Benefits Act ("MWFBA"), Mich. Comp. Laws §§ 408.471, *et seq.*, in the Wage and Hour Division of Michigan's Department of Licensing and Regulatory Affairs ("WHD"). Specifically, plaintiff alleged that $20 was wrongfully deducted from her paycheck each month because her husband did not satisfy the wellness component of a medical program she is enrolled in with defendant that is governed by the Employee Retirement Income and Security Act ("ERISA"). The WHD issued a determination that the amounts taken from plaintiff's paychecks violate the MWFBA. Defendant thereafter appealed the WHD's determination to the MAHS, then removed the action to this court, purportedly under 28 U.S.C. § 1441.

The court issued an order for defendant to show cause why this action should not be remanded *sua sponte* for lack of removal jurisdiction based on the reasoning explained in *Smith*, *supra*. Defendant has filed a response to the court's show cause order arguing that the court should apply a functional approach, instead of a literal approach, to conclude that this action is removable.

## II. STANDARD OF REVIEW

Federal district courts have the authority to *sua sponte* determine that removal jurisdiction is improper, even absent a plaintiff's motion to remand. *Balzer v. Bay Winds*

*Fed. Credit Union*, 622 F. Supp. 2d 628, 629-30 (W.D. Mich. 2009). As explained, the court's removal jurisdiction extends to "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To the extent that there are any ambiguities in § 1441, the statute is to be construed "strictly because removal encroaches on a state court's jurisdiction." *Balzer*, 622 F. Supp. at 630 (citation and internal quotation mark omitted). Therefore, all doubts about jurisdiction are resolved in favor of remand. *Id.* (citation omitted). The removing party bears the burden of establishing that removal is proper. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

### III. ANALYSIS

There are two competing views of whether state administrative actions are removable to federal court. One view applies a "functional" approach on a case-by-case basis to determine whether state administrative actions are removable to federal court. The second view, adopted by Judge Stephen Murphy in *Smith*, takes a "literal" approach, reading § 1441 as precluding state administrative actions from being removed to federal court. Defendant argues that *Smith* reached an erroneous conclusion, and that the court should apply the functional approach in this case. The court disagrees.

The functional approach is said to have originated with the Supreme Court's decision in *Upshur County v. Rich*, 135 U.S. 467 (1890), a case that involved removal of a tax assessment from a county court. At that time, the removal statute allowed removal from state to federal court "[w]hen a suit is between a citizen of the state in which it is brought and a citizen of another state[.]" *Id.* at 470. The petitioner in *Upshur County* argued that the case was improperly removed from the county court to federal court because the

county court action was not a "suit" within the meaning of the removal statute. *Id.* at 470. In other words, the petitioner averred that, although the state tribunal was referred to as a county "court," it was not truly a court for removal purposes, and, therefore, there was no state court "suit." The Supreme Court agreed. In so doing, the Court looked at how the county court functioned in hearing tax assessment cases. *Id.* at 470-71. The Court explained:

> By the laws of all or most of the states, taxpayers are allowed to appeal from the assessment of their property by the assessor to some tribunal constituted for that purpose, sometimes called a board of commissioners of appeal; sometimes one thing, and sometimes another. But, whatever called, it is not usually a court, nor is the proceeding a suit between parties. It is a matter of administration, and the duties of the tribunal are administrative, and not judicial in the ordinary sense of that term, though often involving the exercise of *quasi* judicial functions. Such appeals are not embraced in the removal act.

*Id.* at 470-71 (internal quotation marks omitted).

The functional approach is, therefore, based on the premise that "the title given a state tribunal is not determinative[.]" *Floeter v. C. W. Transport, Inc.*, 597 F.2d 1100, 1102 (7th Cir. 1979). To determine whether an action is removable applying the functional approach, "it is necessary to evaluate the functions, powers, and procedures of the state tribunal and consider those factors along with the respective state and federal interests in the subject matter and in the provision of a forum." *Id.* (citing *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd.*, 454 F.2d 38, 44 (1st Cir. 1972)).

But a functional approach does not comport with the plain reading of § 1441, which is the starting (and ending) point for courts that take a literal approach. This court determines that the literal approach is the appropriate one. As Judge Murphy explained in *Smith*, interpreting a statute begins by looking to its language. 919 F. Supp. 2d at 887.

Where the language of the statute is plain, "the sole function of the courts is to enforce it according to its terms." *Id.* (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (internal quotation marks omitted)). And § 1441's language is plain that removal is limited to cases pending before a "state court." *Richardson v. U.S. West Commc'ns, Inc.*, 288 F.3d 414, 417 (9th Cir. 2002). As the Ninth Circuit explained, "[t]he term [state court] is clear and consistent with the overall statutory scheme for removals because it is used repeatedly throughout the removal statutes and is the only term used in reference to the tribunal from which removal may be taken." *Id.* at 417-18. The MAHS is not a state court, and, therefore, § 1441 does not permit removal in this case. *Smith*, 919 F. Supp. 2d at 887.

The courts that have relied on *Upshur County* and its progeny to allow removals from administrative cases have extended the Court's holding to reach the conclusion that a functional approach should apply. But "[i]t does not follow that because *Upshur County* held that a court is not necessarily a 'court' for removal purposes, the Supreme Court has endorsed the view that an administrative agency might be a 'court' for removal purposes." *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1263 (3d Cir. 1994). Indeed, the portion of *Upshur County* relied on for the proposition that a functional approach should apply "stands at most for the undisputed principle that the 'label' a state attaches to a tribunal does not control the question of whether the tribunal is a 'court' for removal purposes," not that an administrative agency might be a "court." *Richardson*, 288 F.3d at 419.

Defendant argues that the literal approach elevates form over substance. Two responses obtain. First, defendant fails to recognize that the Supreme Court has directed

that § 1441 must be narrowly construed with all doubts resolved in favor of remand. *Smith*, 919 F. Supp. 2d at 887 (citing *Healy v. Ratta,* 292 U.S. 263, 270 (1934); *Palkow v. CSX Transp.*, 431 F.3d 543, 555 (6th Cir. 2005)). Second, although the literal approach may, in some instances, preclude removal of certain claims (potentially elevating form over substance), it is up to Congress to remedy the situation, rather than "an expansive interpretation of the removal statute." *Id.* at 888. Indeed, § 1441 begins with the language "*Except as otherwise expressly provided by Act of Congress*," recognizing that Congress has the authority to expand the realm of removal jurisdiction. To the extent that certain claims are precluded from being removed from a state administrative body, such as the claim involved in this case, Congress can consider expanding removal jurisdiction. It is not this court's role to assume.

## IV. CONCLUSION

For the reasons stated above, this action is REMANDED to the Michigan Administrative Hearing System.

IT IS SO ORDERED.

Dated: April 29, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 29, 2015, by electronic and/or ordinary mail and also on Barbara J. Gallina, 3734 Mayfair, Dearborn, MI 48124.

s/Barbara Radke
Deputy Clerk

---